AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

4/14/20

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

CELLULAR TELEPHONE ASSIGNED CALL NUMBER (380)209-0896

Case No. 3:20-mj-179

## APPLICATION FOR A SEARCH WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1) | possession with intent to distribute controlled substances |
| 21 USC s. 843(b) | use of a communication facility to facilitate a felony drug crime |
| 21 USC s. 846 | conspiracy to distribute/possess with intent to distribute controlled substances |

The application is based on these facts:

See Attached Affidavit of Steven Lucas

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Steven Lucas, SA of the DEA
*Printed name and title*

Sworn to before me and signed in my presence via facetime.

Date: 1:48 PM, Apr 14, 2020

City and state: Dayton, Ohio

Michael J. Newman
United States Magistrate Judge
*Printed name and title*

Via electronic means.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONE ASSIGNED CALL NUMBER (380)209-0896 IMSI 310150728620769 | Case No. 3:20-mj-179<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Steven M Lucas being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number:

    a. (380)209-0896, registerd to John Williams with an address of 2986 Sulivant Avenue, Columbus, Ohio 43204 (hereinafter "**Target Telephone**"). The **Target Telephone**'s service provider is AT&T, a wireless telephone service provider headquartered at 11760 U.S. Highway 1, Suite 600, North Palm Beach, Florida, 33408. The **Target Telephone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Affiant is a Special Agent (SA) for the United States Drug Enforcement Administration (DEA) within the meaning of Title 21, United States Code, Section 878 -- that is an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by Affiant or relayed to Affiant by other law

enforcement officers involved in this investigation. Affiant has been employed as a Special Agent since June 2005 with the Drug Enforcement Administration. Affiant has been employed in this capacity and worked at the Drug Enforcement Administration office in Dayton, Ohio since December 2005. Since the time of December 2005, Affiant has been involved in narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance in drug trafficking investigations of an international scope. Through training and experience, Affiant is familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside, and where they store controlled substances and the illegal proceeds derived.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 846 and 841; and 21 U.S.C. § 843(b) have been committed, are being committed, and will be committed by Adrian LITTLE and others known and unknown to Affiant. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## FACTS ESTABLISHING PROBABLE CAUSE

4. During 2007-2008, Affiant participated in a drug investigation involving Adrian LITTLE in the Dayton, Ohio area. DEA and the Greene County Drug Task Force arrested LITTLE on drug charges around that same time wherein he was convicted of drug charges in state court and sentenced to over a decade in prison.

5. During early 2020, DEA received information that Adrian LITTLE recently was released from Ohio state prison and once more was involved with distribution of drugs in Dayton, Ohio. Specifically, based on conversations with a confidential source ("CS") in March 2020, Affiant learned that LITTLE was again trafficking drugs. CS stated that he/she has known LITTLE for several years and was aware that LITTLE had been released from Ohio state prison where he had been held for drug trafficking. The CS advised that he/she had received information from LITTLE's drug customers who indicated that LITTLE had a Hispanic source of supply for drugs and that LITTLE currently was obtaining kilogram quantities of fentanyl.

6. On March 29, 2020, Affiant was contacted by another DEA office which was conducting an investigation into laundering of drug proceeds by drug traffickers based outside of the United States. Affiant learned that a drug trafficker in Dayton, Ohio had secured a contract for pick up and delivery of suspected drug proceeds to this drug organization. Based on the other investigation, the Dayton RO was able to utilize a DEA SA, acting in an undercover capacity ("UC"), to contact the Dayton based drug trafficker (later identified as being LITTLE) and arrange the pick up of the suspected drug proceeds.

7. On March 31, 2020, the UC contacted the **Target Telephone,** determined to be used by LITTLE, and arranged to meet with LITTLE. During the recorded conversations between LITTLE and the UC, LITTLE stated that he had money for pick up but that he would not meet anywhere near Greene County. LITTLE further stated that he previously

3

was arrested and had served 12 years in prison on a case out of Greene County. LITTLE's resistance to meet in Greene County strongly indicates that the money that he sought to deliver constituted drug proceeds.

8. On March 31, 2020, the meeting took place between the UC and LITTLE in Huber Heights, Ohio. LITTLE delivered approximately $33,000 in US currency that was rubber banded and placed in a plastic bag (Based on my training and experience, I know drug traffickers frequently bundle drug proceeds in this manner). LITTLE had multiple recorded conversations using **Target Telephone** during the pickup operation.

9. Based on the **Target Telephone** being placed in a false name and Columbus address that does not appear to be valid, I believe LITTLE is using the **Target Telephone** for drug trafficking purposes. Further, LITTLE is on Ohio State parole; he provided and uses a different phone number to contact Ohio Adult Parole. I believe that LITTLE is attempting to hide his activities from Law Enforcement.

10. Based on my training and experience, I believe the location of the phone will assist agents in revealing the location and movements of LITTLE.

11. Based on my training and experience, I know that AT&T can collect cell-site data about the **Target Telephone**. AT&T can also collect E-911 Phase II data about the location of the **Target Telephone**, including by initiating a signal to determine the location of the **Target Telephone** on AT&T's network or with such other reference points as may be reasonably available. I know that this location information will assist law enforcement in identify the user of the **Target Telephone**. Additionally, the location information may also lead law enforcement to locations at which the user of the **Target Telephone** is storing or selling illegal drugs. Additionally, this information will assist law enforcement observe potential meetings between the user of the **Target Telephone** and other individuals with whom he is trafficking narcotics, *i.e.*, coconspirators.

4

## AUTHORIZATION REQUEST

4.   Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

5.   I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Telephone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. Moreover, to the extent that the warrant authorizes the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

6.   I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Telephone** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

5


7. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Telephone** outside of daytime hours.

8. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Steven M Lucas, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on April 14, 2020

_____
*Michael Newman*
HONOI Michael J. Newman
United States Magistrate Judge
UNITED STATES MAGISTRATE JUDGE

1:49 PM, Apr 14, 2020

## Via electronic means.

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (308) 209-0896, registerd to John Williams with an address of 2986 Sulivant Avenue, Columbus, Ohio 43204, (hereinafter "**Target Telephone**"). The **Target**. ("**Target Telephone**"), whose service provider is AT&T, 11760 U.S. Highway 1, Suite 600 North Pam Beach, Florida, 33408.

2. Information about the location of the **Target Telephone** that is within the possession, custody, or control of AT&T.

# ATTACHMENT B

### Particular Things to be Seized

All information about the location of **Target Telephone** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of **Target Telephone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimPOPE of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Telephone** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. *See* 18 U.S.C. § 3103a(b)(2).

2